CATHERINE E. HOLZHAUSER, SBN 118756
CRAIG L. SCHECHTER, SBN 308968
BEESON, TAYER & BODINE, APC
520 Capitol Mall, Suite 300
Sacramento, CA  95814-4714
Telephone:      (916) 325-2100
Facsimile:       (916) 325-2120
Email:            cholzhauser@beesontayer.com
                       cschechter@beesontayer.com

Attorneys for Plaintiff Trustees on Behalf of Supplemental Income 401(k) Plan

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF SUPPLEMENTAL INCOME 401(k) PLAN, <br><br> Plaintiff, <br><br> v. <br><br> AUTORETURN SAN FRANCISCO, LLC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT** |

PLAINTIFF ALLEGES AS FOLLOWS:

### JURISDICTION AND VENUE

1.      This action arises under the National Labor Relations Act, 29 U.S.C. section 185, and under the Employee Retirement Income Security Act, 29 U.S.C. sections 1132 and 1145 for the administration of trust fund business.  This Court has jurisdiction as the Defendant's place of business is in the County of San Francisco.  29 U.S.C. §1132(e)(2).

2.      <u>Intradistrict Assignment</u>.  The acts and/or omissions alleged herein arose in the County of San Francisco and thus this matter is properly assigned to the San Francisco or Oakland Division of the Northern District Court.

### PARTIES

3.      Plaintiff Trustees on Behalf of Supplemental Income 401(k) Plan ("Plaintiff" or "Trust Fund") is an employee benefit plan within the meaning of 29 U.S.C. sections 1002 and 1132(d).

1

Plaintiff is a "Trust Fund" originally established by a Trust Agreement. A copy of the Agreement and Declaration of Trust (restated as of August 6, 2009), and all Amendments, are attached hereto as **Exhibit "A"**.

4.    Plaintiff is informed and believes and on that basis alleges that, during all relevant times described in this complaint, Defendant AUTORETURN SAN FRANCISCO, LLC. ("Defendant") is a California corporation doing business in San Francisco, California.

## RELEVANT STATUORY PROVISIONS

5.    Section 515 of ERISA, 29 U.S.C. § 1145, provides that:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

6.    Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of—
>>> i.   interest on the unpaid contributions, or
>>> ii.  liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contributions,
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>> (E) such other legal or equitable relief as the court deems appropriate.

## FACTUAL ALLEGATIONS

7.    Defendant is signatory to a Collective Bargaining Agreement ("CBA") with Teamsters Automotive and Allied Workers Local Union No. 665 (the "Union"). Section 8 of the CBA in effect from August 1, 2015 through July 31, 2021 and Section 7 in effect from August 1, 2021 through July 31, 2026 obligate Defendant to make contributions to the Trust Fund for each straight-time hour worked by each of its employees performing bargaining unit work. A true and correct copy of relevant portions of the CBA in effect from August 1, 2015 through July 31, 2021 is attached as

2

**Exhibit "B"** and is incorporated herein by reference. A true and correct copy of relevant portions of the CBA in effect from August 1, 2021 through July 31, 2026 is attached as **Exhibit "C"** and is incorporated herein by reference.

8.      Defendant is also signatory to a Subscriber Agreement making Defendant a participant in the Plaintiff Trust Fund and binding Defendant to the terms and conditions of the Trust Agreement referenced herein.  A true and correct copy of the Subscriber Agreement is attached as **Exhibit "D"** and is incorporated herein by reference. (The Trust Agreement, CBA, and Subscriber Agreement are collectively referred to herein as the "Agreements.").

9.      Pursuant to the terms of the CBA, effective October 1, 2016 Defendant was obligated to make contributions to the Trust Fund of $1.75 on behalf of each eligible employee. See Exhibit "B". Effective August 1, 2021, the rate increased to $2.50 per hour, and increased by 3.5% each additional year thereafter for the duration of the CBA. See Exhibit "C."

10.      In addition, pursuant to the Subscriber Agreement, Defendant is obligated to deduct on behalf of all covered employees the amount that the employee designates from the employee's wages and transmit the deduction, along with the employer contributions, to the Trust Fund Administrative Office immediately after each payroll period, or no less frequently than twice per month along with the contributions data. See Exhibit "D".

11.      Pursuant to the Subscriber Agreement and Trust Agreement, transmission of said contributions must be in the format specified by the Trust Fund and received by the Plan within fifteen (15) calendar days following the final day of the payroll period.

12.      Pursuant to Article XII, Section 2 of the Trust Agreement, an employer is deemed delinquent if the Trust Fund does not receive proper payment within five days of the due date. If a transmission is delinquent and is referred to legal counsel for collection, the Employer may be assessed with attorney fees, even if no formal action is initiated. *Id*. The Employer must reimburse the Trust for each letter legal counsel is required to send to pursue the delinquency. *Id.* Further, in any legal action instituted by the Trust Fund to collect delinquent contributions, the employer is bound to pay all court costs, interest, and attorney fees.

**COMPLAINT**
Case No.

1307103

13.     Article XII, Section 3 of the Trust Agreement provides for 6 percent (6%) liquidated damages (or $25.00, whichever is greater) for delinquent contribution amounts received two weeks or less past the due date or 12 percent (12%) liquidated damages if the delinquency remains unpaid for more than two weeks past the due date.

14.     Article XII, Section 5 of the Trust Agreement (regarding interest) was amended with respect to contributions due on or after February 15, 2014.  That section provides that imputed interest shall be assessed on delinquencies based on the length of the delinquency to the Trust Fund. Amounts that remain delinquent for no more than eight (8) weeks shall be assessed at one rate and amounts that remain delinquent for more than eight (8) weeks shall be assessed based on the rate of return of the Plan's best performing investment option during the six-month period immediately preceding the delinquency, plus two percent (2%). Article XII, Section V(a). Delinquencies that remain for more than eight weeks will incur interest at the rate of return of the Plan's best performing fund investment option during the entire period of the delinquency.  Article XII, Section V(b).

15.     Article V, Section 4 of the Trust Agreement obligates all signatory employers to retain all documents and other records necessary for the Trust Fund to conduct an audit for a minimum of six (6) years, or such longer period as may be required by applicable law.

16.     Article V, Section 5 of the Trust Agreement further obligates all signatory employers, upon written request from the Trust Fund, to permit a certified public accounted selected by the Board of Trustees to enter upon its premises during business hours and to examine and copy such books, records, papers, or reports as the Board of Trustees deems necessary to determine whether the Employer is making full and prompt payments of all sums it is required to pay to the Trust Fund.

17.     If an audit determines that an employer's underpayments and/or overpayments exceed $300.00 or three percent (3%) of the required contributions for the period audited, Article V, Section 7 of the Trust Agreement provides that the employer is responsible for the full cost of the audit, in addition to the underpayments, interest and liquidated damages attributable thereto.

18.     For delinquencies discovered as due resulting from a payroll audit, Article XII, Section 4 of the Trust Agreement imposes six percent (6%) liquidated damages if the bill for delinquencies remains unpaid after thirty (30) days. Twelve percent (12%) liquidated damages are

imposed if the bill for delinquencies remains unpaid two weeks thereafter. These amounts are owed in addition to interest, attorney fees, audit costs, and other costs reasonably expended by the Trust in collection.

19.    Defendant paid contributions late for the following payroll dates: March 29, 2023; April 12, 2023; April 26, 2023; June 7, 2023; and October 25, 2023. As a result of said late-paid contributions, Defendant incurred liquidated damages in the damages in the amount of $2,090.82 and interest in the amount of $922.00. Plaintiff's counsel sent a letter to Defendant on March 14, 2024 demanding payment of said liquidated damages and interest, plus $75.00 in attorney fees incurred because the matter was referred to collections, for a total amount due of $3,087.82. A true and correct copy of the March 14, 2024-dated letter is attached as **Exhibit "E"** and is incorporated by reference. To date, Defendant has failed to pay the $3,087.82 in liquidated damages, interest, and attorney fees owed on said late-paid contributions.

20.    Defendant has failed to report and/or pay contributions owed for the hours worked by its employees for the following payroll periods: January 18, 2023; May 24, 2023; February 21, 2024; February 28, 2024; March 6, 2024; March 13, 2024; March 20, 2024; March 27, 2024; April 3, 2024; April 10, 2024; April 17, 2024; May 1, 2024; May 8, 2024; May 15, 2024; May 22, 2024; May 29, 2024; June 5, 2024; June 12, 2024; June 19, 2024; June 26, 2024; July 3, 2024; July 10, 2024; July 17, 2024; July 24, 2024; July 31, 2024; August 7, 2024; August 14, 2024; August 21, 2024; August 28, 2024; September 4, 2024; September 11, 2024; September 18, 2024; September 25, 2024; October 2, 2024; October 23, 2024; October 30, 2024; November 6, 2024; and November 13, 2024. Additionally, Defendant paid contributions late for the following payroll periods: January 10, 2024; January 17, 2024; January 24, 2024; January 31, 2024; February 7, 2024; and February 14, 2024. Plaintiff estimates that Defendant has incurred liquidated damages in the total amount of $13,187.95 and interest in the total amount of $22,719.27 on such unpaid and late-paid contributions.

21.    On or about July 30, 2024, Plaintiff completed an audit of Defendant's contributions for the period of January 1, 2018 through December 31, 2022 (hereinafter, the "Audit Period."). The audit revealed that Defendant owed the Trust Fund $291,422.40: $184,913.13 in underpaid contributions, $97,003.87 in interest through February 29, 2024, and $9,505.40 in audit testing fees.

The final audit report also noted that 6% liquidated damages, or $11,094.79, would be added to the total amount if payment was not received within 30 days, and 12% liquidated damages, or $22,189.58, would be added to the total amount due if payment was not received within 45 days. A true and correct copy of the final audit report is attached as **Exhibit "F"** and is incorporated by reference.

22.    On or about August 20, 2024, the Trust Fund's administrator billed Defendant for the audit delinquency balance in the amount of $291,422.40. A true and correct copy of the August 20, 2024-dated request for payment is attached as **Exhibit "G"** and is incorporated by reference. Defendant failed to make the requested payment.

23.    On  or about October 3, 2024, the Trust Fund's administrator sent a second request for payment to Defendant. The second request for payment included interest on the underpaid contributions through August 31, 2024, in the amount of $128,372.77. Because Defendant's delinquency was unpaid for more than 45 days, the request for payment also included 12% liquidated damages, or $22,189.58, for a total amount owed of $344,980.00. A true and correct copy of the October 3, 2024-dated request for payment is attached as **Exhibit "H"** and is incorporated by reference.

24.    On or about November 21, 2024, the Trust Fund's administrator calculated the interest accrued on Defendant's unpaid contributions for the Audit Period through October 31, 2024. The amount of interest accrued through October 31, 2024 is $133,456.02, for a total underpayment of $327,874.55. A true and correct copy of the Summary of Discrepancies with interest calculated through October 31, 2024 is attached as **Exhibit "I"** and is incorporated by reference. The total amount owed for the Audit Period, inclusive of the 12% liquidated damages in the amount of $22,189.58, equals $350,064.13.

25.    To date, Defendant has failed to pay the delinquent amounts owed.

## FIRST CAUSE OF ACTION

### Collection of Contribution Shortages for the Audit Period

(29 U.S.C. § 1132)

**COMPLAINT**
Case No.

1307103

26.    Plaintiff realleges and incorporates by reference the allegations in paragraphs seven through twenty five above, as though fully set forth herein.

27.    ERISA Section 502, 29 U.S.C. § 1132, provides that a trustee of an employee benefit plan may bring a civil action to enforce the terms of a trust. As set forth below, Defendant has violated the terms of the Trust Agreement by failing to remit amounts due for the Audit Period, and, accordingly, the Trust Fund seeks to enforce the violated terms and to recover such amounts owed.

28.    In addition to liquidated damages, Article XII, Section 2 of the Trust Agreement provides that  the employer shall also owe interest, legal fees and costs reasonable expended by the Trust Fund in the collection of delinquent contributions. Plaintiff reserves the right to collect any additional pre-judgment interest owed after November 20, 2023 and legal fees reasonable expended to recover unpaid contributions and to bring this action.

29.    In total, Defendant owes Plaintiff $350,064.13 in underpaid contributions, interest, audit testing fees, and liquidated damages, not including additional pre-judgment interest and attorney fees, arising from its failure to properly remit contributions to the Trust Fund for the Audit Period according to the terms of the Trust Agreement.

30.    Accordingly, the Trust Fund has been injured by Defendant's failure to remit the owed contributions for the Audit Period, and the injury may be redressed by a judgment against Defendant for said contributions, interest, audit testing fees, liquidated damages, and attorney fees.

## SECOND CAUSE OF ACTION

### Collection of Additional Delinquencies

(29 U.S.C. § 1132)

31.    Plaintiff realleges and incorporates by reference the allegations in paragraphs twenty six through thirty above, as though fully set forth herein.

32.    In addition to the amounts owed by Defendant for the Audit Period, Defendant has not paid its contributions for the periods ending: January 18, 2023; May 24, 2023; February 21, 2024; February 28, 2024; March 6, 2024; March 13, 2024; March 20, 2024; March 27, 2024; April 3, 2024; April 10, 2024; April 17, 2024; May 1, 2024; May 8, 2024; May 15, 2024; May 22, 2024; May 29, 2024; June 5, 2024; June 12, 2024; June 19, 2024; June 26, 2024; July 3, 2024; July 10, 2024; July

7

17, 2024; July 24, 2024; July 31, 2024; August 7, 2024; August 14, 2024; August 21, 2024; August 28, 2024; September 4, 2024; September 11, 2024; September 18, 2024; September 25, 2024; October 2, 2024; October 23, 2024; October 30, 2024; November 6, 2024; and November 13, 2024. Additionally, Defendant paid contributions late for the following payroll periods: January 10, 2024; January 17, 2024; January 24, 2024; January 31, 2024; February 7, 2024; and February 14, 2024.

33.    Defendant's failure to timely report and pay said contributions resulted in liquidated damages in the total amount $13,187.95 and interest in the total amount of $22,719.27. In addition, Defendant owes liquidated damages in the amount of $2,090.82 and interest in the amount of $922.00 for late-paid contributions for the payroll dates of: March 29, 2023; April 12, 2023; April 26, 2023; June 7, 2023; and October 25, 2023.

34.    Despite repeated attempts by Plaintiff to collect these amounts, Defendant has not paid the outstanding delinquent contributions, liquidated damages, and interest.

## **PRAYER FOR RELIEF**

WHEREFOR, Plaintiff respectfully requests a judgment ordering the following:

1. That Defendant be ordered to pay net underpaid contributions for the Audit Period in the amount of $184,913.13;

2. That Defendant be ordered to pay interest on the underpaid contributions for the Audit Period in the amount of $133,456.02;

3. That Defendant be ordered to pay audit testing fees in the amount of $9,505.40;

4. That Defendant be ordered to pay liquidated damages for the Audit Period in the amount of $22,189.58;

5. That Defendant be ordered to pay contributions now due and owing for the periods ending: January 18, 2023; May 24, 2023; February 21, 2024; February 28, 2024; March 6, 2024; March 13, 2024; March 20, 2024; March 27, 2024; April 3, 2024; April 10, 2024; April 17, 2024; May 1, 2024; May 8, 2024; May 15, 2024; May 22, 2024; May 29, 2024; June 5, 2024; June 12, 2024; June 19, 2024; June 26, 2024; July 3, 2024; July 10, 2024; July 17, 2024; July 24, 2024; July 31, 2024; August 7, 2024; August 14, 2024; August 21, 2024; August 28, 2024; September 4, 2024; September 11, 2024; September 18, 2024;

8

September 25, 2024; October 2, 2024; October 23, 2024; October 30, 2024; November 6, 2024; and November 13, 2024;

6.  That Defendant be ordered to pay liquidated damages in the amount of 13,187.95 and interest in the amount of $22,719.27 now due and owing for the unpaid and late-paid contributions for the periods ending: January 18, 2023; May 24, 2023; January 10, 2024; January 17, 2024; January 24, 2024; January 31, 2024; February 7, 2024; and February 14, 2024; February 21, 2024; February 28, 2024; March 6, 2024; March 13, 2024; March 20, 2024; March 27, 2024; April 3, 2024; April 10, 2024; April 17, 2024; May 1, 2024; May 8, 2024; May 15, 2024; May 22, 2024; May 29, 2024; June 5, 2024; June 12, 2024; June 19, 2024; June 26, 2024; July 3, 2024; July 10, 2024; July 17, 2024; July 24, 2024; July 31, 2024; August 7, 2024; August 14, 2024; August 21, 2024; August 28, 2024; September 4, 2024; September 11, 2024; September 18, 2024; September 25, 2024; October 2, 2024; October 23, 2024; October 30, 2024; November 6, 2024; and November 13, 2024;

7.  That Defendant be ordered to pay liquidated damages in the amount of $2,090.82 and interest in the amount of $922.00 now due and owing for late-paid contributions for the periods ending: March 29, 2023; April 12, 2023; April 26, 2023, May 24, 2023; June 7, 2023; and October 25, 2023;

8.  That Defendant be ordered to pay reasonable attorneys' fees and costs in this action pursuant to 1132(g)(2)(D) and the Trust Agreement; and

9.  For such other legal or equitable relief as the Court deems appropriate.

Dated:  December 12, 2024                    BEESON, TAYER & BODINE, APC

By:   */S/ CRAIG L. SCHECHTER*
          CRAIG L. SCHECHTER
          Attorneys for Trustees on Behalf of
          Supplemental Income 401(k) Plan

9